JS 44 (Rev 06/17)

# CIVIL COVER SHEET

19 0191

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANDREW R. PERRONG
1657 The Fairway, Jenkintown, PA 19046

(b) County of Residence of First Listed Plaintiff   MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
ANDREW R. PERRONG (PRO SE)
1657 The Fairway, Jenkintown, PA 19046

## DEFENDANTS
SELLTEL INC
393 MANTOLOKING RD BRICK, NJ 08723

County of Residence of First Listed Defendant   OCEAN
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Telephone Consumer Protection Act, 47 U.S. Code § 227 et seq., and 47 C.F.R. § 64.1200 et seq.
Brief description of cause:
Defendants called Plaintiff on his private telephone in violation of the TCPA and related claims.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 60,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 01/11/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

JAN 11 2019

MSG

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| ANDREW PERRONG | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| SELLTEL INC. Et Al | : | NO. 19  0191 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

| 1/11/2019 | Andrew Perrong | PLAINTIFF PRO SE |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 215-791-6957 | 888-329-0305 | ANDYPERRONG@GMAIL.COM |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MSG

19    0191

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1657 The Fairway #131 Jenkintown, PA 19046

Address of Defendant: 393 MANTOLOKING RD BRICK, NJ 08723

Place of Accident, Incident or Transaction: By telephone call to my private telephone.

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/11/2019

_____   _____
Attorney-at-Law / Pro Se Plaintiff     Attorney I D # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**

☐ 1  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2  FELA
☐ 3  Jones Act-Personal Injury
☐ 4  Antitrust
☐ 5  Patent
☐ 6  Labor-Management Relations
☐ 7  Civil Rights
☐ 8  Habeas Corpus
☐ 9  Securities Act(s) Cases
☐ 10 Social Security Review Cases
☑ 11 All other Federal Question Cases
      *(Please specify)* TCPA, 47 USC 227

**B.   Diversity Jurisdiction Cases:**

☐ 1  Insurance Contract and Other Contracts
☐ 2  Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4  Marine Personal Injury
☐ 5  Motor Vehicle Personal Injury
☐ 6  Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8  Products Liability – Asbestos
☐ 9  All other Diversity Cases
      *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Andrew R. Perrong, counsel of record *or* pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☑ Relief other than monetary damages is sought

DATE: 01/11/2019

_____   _____
Attorney-at-Law / Pro Se Plaintiff     Attorney I D # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5 2018)

MSG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG <br> 1657 The Fairway #131 Jenkintown, PA 19046 <br><br> Plaintiff, <br> vs. <br><br> SELLTEL INC. <br> d/b/a "National Protection Service" <br> 393 MANTOLOKING RD <br> BRICK, NJ 08723, <br><br> DAVID CARY GARTENBERG, <br> Individually and as Principal of NPS, <br> 16403 BRAEBURN RIDGE TRL., <br> DELRAY BEACH, FL 33446, <br><br> ROBERT MARTINE, <br> Individually and as IT Director of NPS <br> 994D CONSTITUTION BLVD <br> WHITING, NJ 08759, <br><br> and <br> DOES 1 through 100, inclusive, <br><br> Defendants. | Civil Action <br> No. __19__ __0191__ <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Jury Trial Demanded |

Plaintiff ANDREW R. PERRONG brings this action for damages, restitution, reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64 for the *ultra vires* illegal actions and deliberate and knowing tortious activity of SELLTEL INC d/b/a "National Protection Service" ("NPS"), DAVID CARY GARTENBERG, Individually and as Principal of NPS ("GARTENBERG"), ROBERT MARTINE, Individually and as IT Director of NPS ("MARTINE"), and Does 1 through 100, inclusive, in negligently and/or willfully

1

contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and related claims that form part of the same claim or controversy. Plaintiff demands a trial by jury, and complains and alleges as follows:

## I.     Introduction

1. Defendant SELLTEL INC. ("NPS") is a company located and domestically incorporated in the State of New Jersey. NPS does business under the name "National Protection Service". NPS markets, and sells, *inter alia,* vehicle service plans to individuals throughout Pennsylvania and other states in the US. Its principal mailing address and address for service of process is located at 393 MANTOLOKING RD BRICK, NJ 08723.

2. Plaintiff brings this action to challenge Company's practices in the telephone solicitation of their products and services. Specifically, Plaintiff challenges Company's and Company's agents' illegal telephone solicitations by which they markets their products and services, illegal Calls made using an automatic telephone dialing system and robocalls, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3. All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Bucks and Montgomery Counties, which lie within this

judicial district, pursuant to 28 U.S.C. §118. Plaintiff received the phone calls to a 215-area code number, registered in this judicial district. Each of the Defendants has sufficient minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received."

## II. Parties

6. Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the alleged phone calls on his private domicile telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

7. Defendant SELLTEL INC. ("NPS") is a company located and domestically incorporated in the State of New Jersey. NPS does business under the name "National Protection Service". NPS markets, and sells, *inter alia,* vehicle service plans to individuals throughout Pennsylvania and other states in the US. Its principal mailing address and address for service of process is located at 393 MANTOLOKING RD BRICK, NJ 08723.

8. Defendant DAVID CARY GARTENBERG ("GARTENBERG") is an adult individual who is the Primary Owner of NPS. GARTENBERG is an adult individual, and citizen of the United States. As Principal of NPS, GARTENBERG is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in New Jersey, Florida, Pennsylvania, and nationwide.

3

9. Defendant ROBERT MARTINE ("MARTINE") is an adult individual who is the IT Director of NPS. MARTINE is an adult individual, and citizen of the United States. As Principal of NPS, MARTINE is an primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in New Jersey, Pennsylvania, and nationwide.

10. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

11. At all times herein mentioned, NPS, GARTENBERG, MARTINE, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

12. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

13. At all times herein mentioned, Defendants conspired by means of mutual

4

understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

14. The TCPA imposes personal liability on individuals who participate in or commission telemarketing calls.

15. Under the TCPA, an individual such as GARTENBERG or MARTINE may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217, the Communications Act of 1934, as amended, of which the TCPA is a part, which reads, *inter alia*: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

16. When considering individual officer liability, other Courts have agreed that a Corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson v Five Star Catering, Inc., v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013), which stated that "[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'" *See also Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011), stating that "If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."

### III. **Factual Allegations**

17. In or about December 7th, 2018, Plaintiff received the first of multiple calls made using an automatic telephone dialing system ("ATDS") or robocall by Defendants and/or their agents at Plaintiff's personal domicile telephone number, 215-322-7485, for which he is charged for the call. Plaintiff had not consented to this solicitation, and Plaintiff's telephone number was on the Federal Do-Not-Call Registry.

18. This first call, received at 11:22 AM, as well as subsequent calls, bore the Caller ID 800-433-0441 and the name "NATLPROTECTION", but was not answered by Plaintiff because he was busy. The caller left no voicemail message.

19. This call was placed using an Automatic Telephone Dialing System ("ATDS" or "robocalls") because such systems often do not have the capacity to leave a message, and will simply disconnect the call for cost and efficiency.

20. Plaintiff then received two calls on December 13th, once at 9:05:32 AM, which he answered. Plaintiff said "Hello." multiple times but there was no voice or response on the other end, and then the call was disconnected from the caller's end. Such behavior is characteristic of an automatic dialer, and is termed illegal call abandonment. Often, such automatic dialers, either because they misidentify the caller as no voice on the line, or because there are not enough agents available to answer the call, will "abandon" the call. Plaintiff received a subsequent call mere seconds after this call disconnected at 9:05:48 AM, and also said "Hello" but received no response, and again was disconnected at the caller's end.

21. The onslaught of calls continued on December 17 at 9:07 AM. Plaintiff answered this call, but like the other two, received no response. The call was disconnected after a few seconds from the caller's end, but this time, Plaintiff heard two electronic sounding beeps and a heavy

6

sigh. This likely indicates that the caller was connected to a representative, who then decided to hang up on Plaintiff. Because of the two electronic beeps and delay to connect with a representative, it is likely that this call also was placed using an ATDS.

22. After a brief "holiday hiatus," the calls began again in earnest on December 31 at 9:33 AM., but was not answered by Plaintiff because he was busy. The caller left no voicemail message.

23. Plaintiff received additional calls on January 3 at 9:04 AM, January 4 at 9:04 AM, January 5 at 9:05 AM, and January 8 at 9:05 AM. Plaintiff was unable to answer any of these calls, and the caller left no voicemail message. It is to be noted that the caller called on 4 separate occasions at the same exact time every day, a feat which is essentially impossible if a human being was manually dialing the calls, but certainly probable evidence that an autodialer was dialing the Plaintiff at a pre-determined time from some sort of list.

24. Plaintiff got another call at 1:26 PM on January 11. Like the other calls, Plaintiff said "Hello," but after a few seconds and some machine noise, a pause and a distinctive click, Plaintiff was transferred to a representative who was calling about his "Lincoln Navigator" and was looking to renew a service contract Plaintiff supposedly had.

25. The agent at the call center said he was calling with the generic named "National Protection." Oddly enough, the agent said that Plaintiff's non-existent "Lincoln Navigator" was not eligible for renewal, but asked Plaintiff if he owned any other cars made after the year 2000.

26. Never in his life has Plaintiff owned or even driven a Lincoln Navigator.

27. Plaintiff has never had any business relationship with Defendants, despite their claims during the beginning of the call to the contrary.

28. Because the caller was being evasive with the true name of his company, Plaintiff

knew that it would not be easy, or potentially impossible, to identify the caller without placing an order. Plaintiff played along with Defendant's script to identify the caller and for no other reason. Because Plaintiff has a brand-new vehicle, Plaintiff lied and told Defendants that he had a 2007 Toyota Camry, and gave the caller a generic VIN number for a 2007 Toyota Camry. Plaintiff placed an order for a 5 year, 100,000 mile service plan, for $3,095.00, made in 24 monthly payments of $116.50 plus a $299 down payment, for the sole purpose of identifying the true identity of the caller.

29. Plaintiff was provided the true name of the company, National Protection Service (d/b/a/ SellTel) and was provided a callback telephone number of 800-228-6160.

30. Plaintiff provided his Visa credit card number, but locked the card so that the charge for the down payment (and any future payments) would not go through.

31. Plaintiff received an e-mail from his card issuer at 2:12 PM, indicating an attempted charge for $299.00 as a result of the illegal phone call.

32. Thereafter, at 2:34 PM on January 11, Plaintiff received a call from the billing department at National Protection Service, bearing the same caller ID, 800-228-6160, which is Defendants' main telephone number. To be clear, Plaintiff is not at this time suing for this call. However, Plaintiff spoke with a representative, who claimed the card was declined and asked Plaintiff to call him back at the same number once Plaintiff straightened the matter out with his card issuer.

33. Based on the inaccurate information of Plaintiff owning a "Lincoln Navigator" given during the call and its scripted nature, it is clear that this message was sent *en masse* to thousands of "former customers" and "subscribers," on or about the same times that the Plaintiff received his. Moreover, the inability to process voicemails or human "hello" indicates that no human

8

being was on the line until plaintiff answered the telephone, upon which time the autodialer connected Plaintiff to the caller. No normal person cold calls people from a list and then claims that they were prior customers, and claim that they own a vehicle they have never owned, let alone driven in. No normal person calls at the same time for 4 days in a row without some sort of automatic intervention. In addition, no normal caller expresses confusion as to whether or not a call is connected unless they are using an ATDS. The calls were therefore clearly sent using a scripted "automatic telephone dialing system."

34. To the best of Plaintiff's knowledge, none of the Defendants are licensed under any authority or capacity to sell insurance or vehicle service plans, or authorized to represent that they are calling on behalf of any automaker or that the plan is in any way authorized by any automaker or dealership.

35. Thereafter, Plaintiff contacted Defendants and requested to be placed on Defendants' Do-Not-Call List and receive a copy of Defendants' Do-Not-Call policy, but never received anything, up to and including the date of this filing.

36. Because Plaintiff asked to receive Defendants' Do-Not-Call policy and did not, it is evident that Defendants do not maintain such a policy. Likewise, based on this fact, and the fact that Defendants have no clue who they are calling and use trickery and confusion to make a sales pitch, it is clear that Defendants do not have any Do-Not-Call lists or procedures in place. Based on the nature of their illegal activities, Defendants' noncompliance with the law in this regard is unsurprising.

37. Plaintiff received the calls on his private domicile telephone, which is, in addition to being a domicile telephone, a telephone for which he is charged for the calls, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

38. Defendant GARTENBERG is personally liable under the "participation theory" of liability because he is the Principal owner and controlling officer of NPS, knew of Company's violations, and directed employees and/or agents of Company to continue making those violations. Furthermore, GARTENBERG is personally liable because he is personally responsible for ensuring Company's employees' TCPA compliance. GARTENBERG, upon information and belief, is the final authority to how his business is marketed and oversees payments of his employees, and controls the bank accounts through which his company orchestrates its illegal telemarketing schemes. Furthermore, upon information and belief, the telephone number from which Plaintiff received the call and Company's website are registered to GARTENBERG.

39. Defendant MARTINE is personally liable under the "participation theory" of liability because he is the IT director of NPS, and, upon information and belief, is responsible for the day-to-day IT operations of Company. Such operations, upon information and belief, include the basic administration of the illegal autodialer which was used to contact the Plaintiff. MARTINE shares a role in TCPA compliance and is responsible for ensuring that Company's systems maintain complaint, which they were not.

40. Based on the averments above, Plaintiff has demonstrated that these calls were made using an automatic telephone dialing system ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1).

41. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to a… cellular telephone service… or any service for which the called party is

charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii). As stated immediately above, the calls were placed using an automatic telephone dialing system to Plaintiff's private domicile telephone line, on which he is charged for the call.

42. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

43. Plaintiff was harmed by the calls. He was temporarily deprived of legitimate use of his phone because his phone line was tied up, it used up his minutes, he wasted energy and stress in answering a call, his telephone batteries and electricity were depleted, he was charged for the calls, and his privacy was improperly invaded. Moreover, the calls injured plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

44. Plaintiff adequately confirmed corporate identity for each and every call so as to establish liability of Defendants, as more fully outlined above.

45. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

46. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal telephone that utilized an "automatic telephone dialing system" or otherwise to transmit a message or make calls.

47. As a point of fact, to the extent that "consent" was supplied during the calls, that was done in order to discover the identity of the caller and for no other reason. Courts have held this to be legitimate and have not held such "consent" to be detrimental to a plaintiff bringing a TCPA action. *See* for instance, Bank v. Caribbean Cruise Line, which held that "Purporting to obtain consent during the call, such as requesting that a consumer "press 1" to receive further

11

information, does not constitute the prior consent necessary to deliver the message in the first place, as the request to "press 1" is part of the telemarketing call.... As the FCC has stated, the consent must be made before the call."

48. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

49. The telephone Sales Calls therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 U.S.C. § 227(e), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR § 64.1200(a)(1)(iii), 47 CFR § 64.1200(a)(1), and 47 C.F.R. 64.1200(c)(2).

## IV.  Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

50. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

51. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

53. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

54. As a result of Defendants' and Defendants' agents knowing and/or willful violations

of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

55. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

56. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

57. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

58. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

59. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

60. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

61. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fifth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

62. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

63. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private domicile right of action.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

64. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

65. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private domicile right of action.

### Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

66. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

67. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR

64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private domicile right of action.

### Eighth Cause of Action
(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

68. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

69. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private domicile right of action.

### Ninth Cause of Action
(Negligent Violation of the TCPA "Caller ID Spoofing"
Prohibition, 47 U.S.C. § 227 et seq.)

70. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

71. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(e), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Tenth Cause of Action
(Knowing and/or Willful Violation of the TCPA
"Caller ID Spoofing" Prohibition, 47 U.S.C. § 227 et seq.)

72. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

73. As a result of Defendants' and Defendants' agents knowing and/or willful violations

of 47 U.S.C. § 227(e), Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

### V. Prayer for Relief

On Causes of Action 1-10:

1. For awards of $500 for each negligent violation as set forth in actions 1-10;

2. For awards of $1,500 for each knowing/willful violation as set forth in actions 1-10.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing; Total statutory damages: : **$60,000** (Ten counts each of: sales call, ATDS call, failure to put Plaintiff's number on Defendants' Do-Not-Call list, failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, and caller ID spoofing at $500 per count of each, with treble damages for each.)

4. Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

5. Prejudgment interest at the maximum legal rate;

6. Costs of suit herein incurred; and

7. All such other and further relief as the Court deems proper.

## VI. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: **January 11, 2018**

/s/
Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com